UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
EDDIE PRESSLEY,

                     Petitioner,

      -against-

UNITED STATES OF AMERICA,

                     Respondent.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**08-CV-695 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

      Petitioner Eddie Pressley ("Pressley"), appearing pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. (Petition (Docket Entry # 1) at 1.) Pressley asserts five claims in his petition: (1) the court improperly calculated his sentence based on an aggregated quantity of drugs, (2) defense counsel was ineffective in failing to challenge the aggregation, (3) the indictment against him violated Apprendi v. New Jersey, 530 U.S. 466 (2000), because it failed to allege essential elements of the charges against him, (4) the charges against him violated the statute of limitations, and (5) he should be permitted to review the grand jury minutes for error in the proceedings. For the following reasons, the petition is denied.

**I.    BACKGROUND**

      On June 3, 2003, a grand jury in the Eastern District of New York indicted Pressley along with seventeen co-conspirators on narcotics and firearms offenses. United States v. Wesley, et al., 03-CR-297 (NGG). Pressley was indicted on two counts. (Government Memorandum in Opposition ("Gov. Mem.") (Docket Entry # 5) at 4.) The first count stated that Pressley:

> together with others, did knowingly and intentionally conspire to distribute and to possess with intent to distribute one or more controlled substances, which offense involved (a) 50 grams or more of a substance containing cocaine base, a Schedule II controlled substance, and (b) one kilogram or more of a substance containing heroin, a Schedule I controlled substance, in violation of Title 21, United States

1

Code, Section 841(a)(1). (Title 21, United States Code, Sections 846, 841(b)(1)(A)(i) and 841(b)(1)(A)(iii); Title 18, United States Code, Sections 3551 et seq.)

(Gov. Mem. Ex. B.) The second count stated that Pressley "did knowingly and intentionally use and carry a firearm during and in relation to a drug trafficking crime . . . and did knowingly and intentionally possess a firearm in furtherance of said drug trafficking crime. (Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)." (Id. at 2-3.)

On January 31, 2005, Pressley pleaded guilty to both counts. (Gov. Mem. Ex. C). Pressley subsequently appealed his conviction to the Second Circuit Court of Appeals. In his appeal, Pressley argued that this court should not have aggregated the amount of narcotics sold over the course of the conspiracy when calculating his sentence. He asserted that, because he never possessed 50 grams or more of cocaine base or one kilogram or more of heroin on any one particular occasion, he should not have been subject to the statutory minimum and maximum sentences under 21 U.S.C. § 841(b)(1)(A). United States v. Pressley, 469 F.3d 63, 65 (2d Cir. 2006). Pressley also claimed that his defense counsel, Frederick Solinsky, rendered ineffective assistance by failing to challenge the aggregation of the individual drug sales. Id. Finally, Pressley asserted that his guilty plea was not knowing and voluntary. Id. The Second Circuit denied the appeal. Id. Pressley brought the instant § 2255 petition on February 13, 2008. (Petition at 1.)

II. DISCUSSION

Section 2255 permits prisoners seek collateral review of a federal conviction or sentence that was "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Because collateral attacks are in tension with "society's strong interest in the finality

2

of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack." Ciak v. United States, 59 F.3d 296, 301 (2d Cir. 1995). The "mandate rule" bars relitigation of "issues [that] have been explicitly or implicitly decided on appeal." Burrell v. United States, 467 F.3d 160, 165 (2d Cir. 2006).

Pressley claims that this court should not have determined his sentence based on the total aggregate quantity of drugs he distributed or possessed with intent to distribute throughout the duration of the conspiracy. (Petition at 2.) He further claims that his counsel was ineffective for failing to challenge the aggregation of drug quantities. (Id. at 4.) Pressley raised both of these claims on direct appeal. Pressley, 469 F.3d at 63. The Second Circuit denied them, concluding that because a conspiracy is a "single, unified offense," it is appropriate to "aggregate [the] quantity of all the subsidiary transactions attributable to that particular member" when determining a conspirator's sentence. Id. at 66.

Because it rejected Pressley's aggregation argument, the Second Circuit "also reject[ed] his ineffective assistance of counsel claim, which is premised upon the correctness of his [aggregation] argument." Id. at 64, n.1. The mandate rule prohibits the review of ineffective assistance claims identical to those "raised and resolved on direct appeal." Mui v. United States, 614 F.3d 50, 53 (2d Cir. 2010). Consequently this court may not revisit the Second Circuit's findings to review Pressley's first two claims.

Pressley next asserts that the indictment violated Apprendi because it did not allege the type and quantity of drugs involved in the narcotics conspiracy. (Petition Ex. 1.) He further claims that the firearms count "fail[ed] to charge an offense" because it did not allege "the type of firearm [Pressley] carried." Id. at 1. Pressley did not raise these claims on appeal. "[C]laims

3

that could have been brought on direct appeal [cannot be] raised on collateral review absent cause and prejudice." Mui, 614 F.3d at 53." Because Pressley made no showing of either cause or prejudice for failing to raise these claims on appeal, they are procedurally defaulted. Even if they were not procedurally barred, Pressley's Apprendi claims are meritless.

Apprendi states that "any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." Apprendi, 530 U.S. at 476 (internal quotation marks omitted).

The indictment indisputably states that Pressley and his co-conspirators:

> Did knowingly and intentionally conspire to distribute and to possess with intent to distribute one or more controlled substances, which offense involved (a) 50 grams or more of a substance containing cocaine base . . . and (b) one kilogram or more of a substance containing heroin.

(Gov. Mem. Ex. B.) The charge includes both the type and quantity of narcotics and therefore complies with Apprendi.

As to the firearms charge, 18 U.S.C. §924(c)(1)(A) states that:

> any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to a term of imprisonment of not less than 5 years.

The statute goes on to state that use of a short-barreled shotgun or rifle or a semi-automatic assault weapon carries a minimum sentence of ten years incarceration, and use of a machine gun or destructive device carries a minimum sentence of thirty years incarceration. 18 U.S.C. §924(c)(1)(B). The Supreme Court has held that those types of firearms that result in a significantly harsher punishment under § 924(c)(1)(B) are elements of the crime, and must be included in the indictment. United States v. O'Brien, 130 S.Ct. 2169, 2178 (2010). However,

4

the specific type of firearm is not an element of a violation under 18 U.S.C §924(c)(1)(A). See, e.g., United States v. Tran, 234 F.3d 798, 814 (2d Cir. 2000), overruled on other grounds by United States v. Thomas, 274 F.3d 655 (2d Cir. 2001) (sentencing for a "simple firearm offense" under 18 U.S.C. §924(c)(1)(A) was appropriate because the indictment did not allege the type of firearm used).

Pressley's next asserts that the conspiracy charge against him was time-barred. (Petition Ex. 1.) He did not raise this claim either at trial or on appeal. "The statute of limitations, of course, is an affirmative defense that must be raised to be preserved." United States v. Hansel, 70 F.3d 6, 7 (2d Cir. 1995). Furthermore, "a defendant cannot raise the issue of limitations after pleading guilty to the offense in question." United States v. Walsh, 700 F.2d 846, 855 (2d Cir. 1983). Pressley therefore waived his statute of limitations claim by not raising it prior to pleading guilty.

As his final claim, Pressley requests "the opportunity to review the grand jury transcripts" for "Crawford violations." (Petition Ex. 1.) Crawford v. Washington, 541 U.S. 36 (2004), examines the Confrontation Clause and a defendant's right to cross examine witnesses at trial. It is in no way applicable to grand jury proceedings, since defendants have no constitutional right to appear before a grand jury or to question or confront witnesses. United States v. Ruiz, 894 F.2d 501, 505 (2d Cir. 1990). Regardless, any error in the grand jury proceedings was rendered harmless by Pressley's guilty plea. Hansel, 70 F.3d at 8.

## III.   CONCLUSION

For the foregoing reasons, Pressley's petition is DENIED. Because Pressley has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2); Lozada v. United States, 107 F.3d 1011 (2d Cir. 1997).

5

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum andOrder would not be taken in good faith and therefore in forma pauperis status is denied for purpose of any appeal.  Coppedge v. United States, 369 U.S. 438, 444-45, (1962).

SO ORDERED.

Dated: Brooklyn, New York
       November 24 2010

s/Nicholas G. Garaufis

NICHOLAS G. GARAUFIS
United States District Judge